FILED
2008 Mar-25  AM 08:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| PATSY N. BISHOP, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | CASE NO. CV 06-B-1171-NE |
| | } | |
| MICHAEL J. ASTRUE,[1] | } | |
| Commissioner, Social Security | } | |
| Administration, | } | |
| | } | |
| Defendant. | } | |

## MEMORANDUM OPINION

Plaintiff appeals the decision of the Commissioner of Social Security denying her claim for disability insurance benefits and supplemental security income payments. The case is now properly before this court. *See* 42 U.S.C. § 405(g).

The Administrative Law Judge ("ALJ") found that Plaintiff suffers from hypertension, coronary artery disease, status post myocardial infarction, status post coronary artery bypass grafting X 1, stent placement, diabetes mellitus II, and gastroesophageal reflux disease ("GERD"). (R.17.) The ALJ concluded that Plaintiff's medically determinable impairments are severe within the meaning of the Regulations, but not "severe" enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (R.17, 21.)

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Jo Anne B. Barnhart as the defendant in this suit by operation of law.

Further, the ALJ concluded that, while Plaintiff's residual functional capacity is such that she is unable to perform her past relevant work, she is able to perform the exertional demands of the full range of sedentary work. The ALJ stated as follows:

> . . . the undersigned finds the claimant is able to perform work at the sedentary exertional level. This is consistent with the claimant's allegation that she is only able to lift 5-10 pounds. It is also consistent with the medical evidence which suggests that the claimant does not have the need to elevate her legs as alleged.
>
> . . .
>
> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> Because the evidence supports a finding that claimant can perform the demands of the full range of sedentary work, a finding of "not disabled" is directed by Medical-Vocational Rule 201.19.

(R.19, 21.)

Plaintiff challenges the Commissioner's decision to deny her claim for benefits on the ground that by "ignor[ing] substantial evidence from the claimant's treating physicians which establishes the longitudinal history of the Plaintiff's heart problems and treatment for the same," the ALJ improperly applied the pain standard. (Doc. 6 at 5.) According to well-established Eleventh Circuit law:

> Pain alone can be disabling, even when its existence is unsupported by objective evidence. *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987). The [Commissioner] Secretary must ***consider*** a claimant's subjective testimony

of pain if [s]he finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain. *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). **After considering a claimant's complaints of pain, the ALJ may reject them as not creditable**, and that determination will be reviewed for substantial evidence. *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984). If the ALJ refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility. *Walker*, 826 F.2d at 1004.

*Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (emphasis added).

In his Decision, the ALJ made the following findings:

> There is no medical evidence indicating that the claimant needs to elevate her legs. The claimant's last echocardiogram showed no aortic insufficiency and no stenosis with only mild regurgitation. Her evaluation on June 22, 2005 showed a heart rate of 75. Her systolic pressure was 150. Her chest was clear. Her cardiovascular exam showed no gallops or rubs. Her extremities showed no edema or cyanosis. On this exam date the claimant reported only generalized fatigue and occasional chest discomfort. The claimant was not scheduled for another follow-up until 6 months from this visit, thus indicating no serious difficulties requiring close monitoring. On February [2]3, 2005, an examination prior to her [coronary artery bypass grafting ("CABG")] showed no clubbing, cyanosis, or edema in her extremities. The medical evidence shows that the claimant had some symptoms prior to her CABG. [H]er September 3, 2004 evaluation at The Heart Center showed trace edema in the extremities. Her cardiac exam revealed a regular rate and rhythm without murmur, gallop, or click. She was put on medication to help reduce the edema, but there is no evidence that the claimant was instructed to elevate her legs. Especially for the extreme amounts of time the claimant alleges she needs to elevate them. In addition, the evidence suggests the claimant's surgery was successful in relieving her symptoms.

(R.19.) In addition, the ALJ carefully articulated the weight given to the evidence

3

from each medical source:

> In reaching this conclusion, the undersigned has considered the claimant's own subjective allegations and found them not totally credible in light of the objective medical evidence and other evidence of record. Consideration has also been given to the reports of state agency medical consultations as well as to other treating, examining, and non-examining medical sources. Some, but not great weight is given to the opinion of the DDS consultant as contained in Exhibit 3F. The opinion that the claimant had no medically determinable impairment for heart disease was consistent with the medical evidence of record at that time. However, their opinions are not entitled to substantial weight as they are from a non-treating, non-examining source and additional evidence has been received since that time. The additional evidence reveals that the claimant does have a medically determinable impairment of heart disease. Significant weight is given to medical records provided by the claimant's treating physicians at the Community Free Clinic and at The Heart Center. These records reveal the claimant's treatment and symptoms over an extended period of time. In addition, the physicians at The Heart Center are specialists in the treatment of heart disease. Accordingly, their treatment records provide significant information regarding the severity of the claimant's alleged impairments.

(*Id.*) Notably, the ALJ gave "substantial weight" to the medical records from plaintiff's treating physicians from the Community Free Clinic and The Heart Center, even specifically noting that such records "reveal the claimant's treatment and symptoms over a period of time." *Id*. Therefore, the court finds that the ALJ did not "ignore[] substantial evidence from the claimant's treating physicians," as Plaintiff claims. (Doc. 6 at 5.)

After reviewing all the relevant evidence, the ALJ concluded that plaintiff's impairments would not reasonably give rise to the alleged symptoms to the extent

4

that they would support a finding of disability at all levels of exertion. (R.18.) In addition, the ALJ gave specific reasons for finding plaintiff's complaints of pain not credible. (R.19.)

Upon careful review of the record and the arguments presented in the briefs of the parties, the court concludes that the Commissioner's decision is based upon the application of correct legal standards and is supported by substantial evidence. As the court finds no reversible error, the Commissioner's decision is due to be affirmed.

**DONE** this the 25th day of March, 2008.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE